JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent. To me, the record in this case demonstrates there is a genuine issue of material fact as to whether defendants were deliberately indifferent to Yellow Horse’s known risk of suicide, and the district court erred in granting summary judgment.
While undergoing alcohol treatment at the Health Services Center in Yankton, Yellow Horse tried to hang himself using an electrical cord on August 1, 1994. On August 24, he tried to kill himself by cutting his wrist. He told doctors he felt guilty and depressed about authorizing the termination of his mother’s life support systems one year previously. Shortly after returning to the Pennington County Jail, Yellow Horse asked one of the staff members about the best way to kill oneself. He talked about cutting his wrists and asked the staff member “which way was better, across the arm or up the arm.” This resulted in Yellow Horse’s placement on suicide watch until August 27. On August 28, he was again placed on suicide watch only to be removed two days later. None of the decisions about removing Yellow Horse from suicide watch were made by or in consultation with a mental health professional, nor did Pennington County’s policy on suicide prevention prescribe procedures for removing an inmate from suicide watch.
On September 6,1994, the day of Yellow Horse’s death, an inmate told Jill West, the correctional officer on duty in Yellow Horse’s cell block, that Yellow Horse had been crying and talking about heaven and hell. However, West did not place Yellow Horse on suicide watch, increase the frequency of her cell checks, or take any other responsive action until later that evening when two inmates called for her assistance, asserting there was a problem in Yellow Horse’s cell. By the time West went to Yellow Horse’s cell to investigate, he had already committed suicide by hanging himself.
From the time Yellow Horse returned to the Pennington jail on August 25 until the time of his September 6 suicide, he was not screened for potential suicide risk or evaluated by a qualified mental health professional even though county correctional officers knew that Yellow Horse had twice attempted suicide in the past month and that Yellow Horse talked about committing suicide at the Pennington jail.
To me, these facts are sufficient to require denial of the motion for summary judgment and to remand the case for trial.